UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK MARVIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 22-0789 (UNA) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION**

This matter is before the Court on consideration of petitioner's *pro se* petition for a writ of habeas corpus. Petitioner challenges criminal charges brought against individuals stemming from their activities on January 6, 2021, at the United States Capitol. He lacks standing to do so, and his petition will be denied.

"Article III of the United States Constitution limits the judicial power to deciding 'Cases and Controversies.'" *In re Navy Chaplaincy*, 534 F.3d 756, 759 (D.C. Cir. 2008) (quoting U.S. Const. art. III, § 2), *cert. denied*, 556 U.S. 1167 (2009). "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." *Comm. on Judiciary of U.S. House of Representatives v. McGahn*, 968 F.3d 755, 762 (D.C. Cir. 2020) (citations and internal quotation marks omitted). A party has standing for purposes of Article III if he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* at 763 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

Missing from the petition are any factual allegations establishing that petitioner sustained (or is likely to sustain) an injury resulting from the criminal charges against another individual for that individual's actions on or any other event occurring on January 6, 2021. Because

1

petitioner fails to allege facts sufficient to establish standing, the Court lacks subject matter jurisdiction over his claim.

Furthermore, the Court notes that a "writ of habeas corpus shall not extend to a [petitioner] unless" he is "in custody" under some authority. 28 U.S.C. § 2241(c). A person is generally considered "in custody" if he is being held in a prison or jail, or if he is released on conditions of probation or parole, *see, e.g., Jones v. Cunningham*, 371 U.S. 236, 240 (1963) (finding that a paroled petitioner is "in custody" because parole restrictions "significantly restrain petitioner's liberty"), or subject to other non-confinement restraints on liberty, such the inability to "come and go as she or he pleases," as when a person is released on bail or on his own recognizance before trial, *see, e.g.*, *Hensley v. Municipal Court*, 411 U.S. 345, 351-53 (1973) (holding that petitioner released on own recognizance pending appeal was "in custody" for purpose of habeas). Nothing in the petition suggests that petitioner currently is incarcerated, or is a probationer or parolee, or is otherwise restrained. Consequently, it does not appear that petitioner meets the "in custody" requirement.

For the reasons stated above, the Court will grant petitioner's motion to proceed *in forma pauperis* and dismiss the petition and this civil action. A separate order will issue.

DATE: March 30, 2022 /s/
AMIT P. MEHTA
United States District Judge